IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOB DIORIO, | ) |
| | ) No. 11 C 6724 |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge John J. Tharp |
| | ) |
| VILLAGE OF TINLEY PARK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bob Diorio, a K-9 police officer, alleges that Defendant Village of Tinley Park violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, by failing to pay overtime wages for time in excess of forty hours per week that Diorio worked caring for his service animal. Tinley Park has moved to dismiss Diorio's First Amended Complaint on the ground that the collective bargaining agreement ("CBA") covering Diorio is a "reasonable agreement" for compensation pursuant to 29 C.F.R. § 785.23. Because determining whether the CBA is a "reasonable agreement" under § 785.23 is in this case a question of fact not susceptible to resolution on a Rule 12(b)(6) motion to dismiss, the Court denies Tinley Park's motion to dismiss.

**BACKGROUND**[1]

Diorio is employed by Tinley Park as a K-9 police officer. Am. Cmplt. ¶ 2. His job duties and responsibilities include the care, feeding, boarding, grooming, transport, and training of Tinley Park's service animal. *Id.* ¶ 3. During the relevant period, Diorio was a party to a CBA with Tinley Park which set forth the compensation for K-9 police

---

[1] The Court accepts Diorio's factual allegations as true for the purposes of Tinley Park's Rule 12(b)(6) motion. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

1

officers. *Id.* ¶ 4. The relevant portion of the CBA, which was attached to the Amended Complaint and can be considered on this motion to dismiss, states in full:

> 14.8 <u>Canine Officer</u>. The Village established its first canine unit. As the amount of time outside of required duty hours that may be necessary for the maintenance, care, training and transport of the dog varies and cannot be precisely determined, the parties agree that a canine officer shall receive extra compensation of two thousand ($2,000.00) dollar [sic] per contract year of service as a canine officer. It is agreed that this extra payment shall constitute full compensation at the appropriate rate for all hours of work on off-duty time for the maintenance, care, training and transport of the dog. This additional compensation will be terminated immediately upon the officer no longer being assigned as a canine officer. The parties have agreed that the extra compensation shall be paid in a lump sum as extra pay on or before April 15 of each year of this Agreement.

*Id.* at Ex. A § 14.8.

Diorio, with Tinley Park's permission and for its benefit, spends additional time caring for his service animal outside of his regular working schedule. *Id.* ¶¶ 7-9. For this extra working time Tinley Park pays Diorio the additional $2,000 per year per the CBA. *Id.* ¶ 13. Diorio does not receive any other monetary compensation or benefits for his time spent caring for the service animal. *Id.* The parties have no agreement as to the number of hours required for Diorio to care for the service animal, and the $2,000 annual compensation outlined in the CBA does not estimate or otherwise consider the number of hours worked by Diorio. *Id.* ¶ 12.

Diorio alleges that the time he has spent caring for the service animal outside of his regular work schedule has caused him to work in excess of forty hours in one or more individual workweeks. *Id.* ¶¶ 27-30. He further alleges that Tinley Park has not compensated him for his overtime at a rate of one and one-half times his regular rate of pay. *Id.* ¶ 33. Diorio claims that Tinley Park's refusal to pay overtime wages constitutes a willful violation of the FLSA, 29 U.S.C. § 207. *Id.* ¶¶ 32-33.

2

In its motion to dismiss, Tinley Park argues that the CBA is a "reasonable agreement" with Diorio under 29 C.F.R. § 785.23, and therefore Diorio fails to state a claim for which relief can be granted.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). In evaluating the sufficiency of the complaint, the Court must "construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *Virnich*, 664 F.3d at 212. "However, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption." *Id.* Under Rule 8(a)(2), a plaintiff's complaint must contain a short and plain statement sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Federal notice pleading standards require that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

The Fair Labor Standards Act (FLSA) generally requires that employers pay employees for overtime work (more than 40 hours per week) at wages equal to one and one-half times the employee's regular rate. 29 U.S.C. § 207(a). Tinley Park argues that it

3

was not required to compensate Diorio at a rate of one and one-half times his regular rate of pay for time he worked in excess of forty hours per week caring for his service animal. The Village asserts that time worked performing canine care does not have to be compensated at the same rate of pay as paid for law enforcement activities, and that it properly worked out a reasonable agreement for compensation as permitted by 29 C.F.R. § 785.23, which states, in relevant part:

> An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time he is on the premises. Ordinarily, he may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when he may leave the premises for purposes of his own. It is, of course, difficult to determine the exact hours worked under these circumstances and any reasonable agreement of the parties which takes into consideration all of the pertinent facts will be accepted.

Courts regularly apply § 785.23's "reasonable agreement" language to disputes about the compensation for police officers who work with service dogs in view of the difficulty of calculating the number of hours they spend caring for their animals at home. *See, e.g., Rudolph v. Metro. Airports Comm'n*, 103 F.3d 677, 680-81 (8th Cir. 1996); *Brock v. City of Cincinnati*, 236 F.3d 793, 805 (6th Cir. 2001); *Huffman v. City of Lake Jackson*, No. H-08-1541, 2009 WL 3735467, at *2-3 (S.D. Texas Nov. 4, 2009); *Leever v. Carson City*, 360 F.3d 1014, 1017-18 (9th Cir. 2004).

To show that it complied with FLSA by reaching a "reasonable agreement" with Diorio under 29 C.F.R. § 785.23, Tinley Park has the burden of proving that "(1) there was an agreement to compensate [Diorio] for [his] overtime work caring for [the service animal], and (2) the agreement was 'reasonable,' having taken into account 'all of the pertinent facts.'" *Leever*, 360 F.3d at 1018.

4

The First Amended Complaint admits that Tinley Park and Diorio's collective bargaining unit representatives reached an agreement to compensate Diorio for his overtime work. Am. Cmplt. ¶ 5; *id.* at Ex. A § 14.8. Therefore Tinley Park has satisfied the first requirement of § 785.23. But the second requirement of § 785.23, that the agreement was "reasonable," requires the resolution of facts that cannot be decided at the motion to dismiss stage. Whether the CBA agreement is reasonable in light of "all of the pertinent facts" is a quintessential question of fact that cannot be decided in the Village's favor at this stage of the litigation.

In his First Amended Complaint, Diorio alleges that the compensation outlined in the CBA does not consider the number of hours he actually spends caring for his service animal. Am. Cmplt. ¶ 12. He also alleges that the amount of money agreed to in the CBA does not compensate him at least minimum wage for the time he spends caring for the canine.[2] *Id.* ¶14. Those allegations alone raise questions of fact as to the reasonableness of the CBA agreement.[3] To show that the CBA meets the requirements of 29 C.F.R. § 785.23, Tinley Park needs to establish either that it took into account the

---

[2] In its reply brief, Tinley Park argues that Diorio would have to work 7,563 hours per year, a number of hours that Tinley Park characterizes as "absurd," in order for his hourly pay rate to fall below the current Illinois minimum wage of $8.25 per hour. Drawing all reasonable inferences in Diorio's favor, however, it is clear that Diorio claims that the compensation he receives for caring for the service animal ($2,000) amounts to less than $8.25 per each hour he spends working outside of his regular working hours. Am. Cmplt. ¶ 14. That claim is plausible. If Diorio cares for the animal for at least 243 hours outside of his regular working hours (*i.e.*, approximately 40 minutes per day), he earns less than $8.25 per hour for that work. Further, whether Diorio is paid the minimum wage for caring for his service animal is not the issue; rather, the issue is whether the wage he is paid is reasonable.

[3] There are, of course, many other factors that may be relevant to a determination of whether the compensation provided by the CBA is "reasonable," such as whether the amount of additional compensation was freely bargained for or "imposed" on the officer, whether the employer paid for the dog's food and medical care, whether the employer provided a take-home police vehicle for transporting the dog, whether the employer built a kennel for the dog, and an examination of the costs and benefits of having a highly trained police dog (and family pet) in the officer's home. *See, e.g., Holzapfel v. Town of Newburgh*, 145 F.3d 516, 526-27 (2d Cir. 1998); *Brock*, 236 F.3d at 806; *Huffman*, 2009 WL 3735467 at *5. This list is not intended to be illustrative, not exhaustive; the point is that there are many fact issues relating to the agreement that may need to be developed in order to permit an assessment of the reasonableness of the compensation paid to Diorio.

number of hours worked by Diorio, or that the number of hours worked is not pertinent. It cannot make either showing at this time.

Tinley Park argues that the text of the CBA itself renders the agreement "reasonable as a matter of law," because it states that the extra payment to K-9 officers "shall constitute full compensation at the *appropriate rate*." Am. Cmplt. at Ex. A § 14.8 (emphasis added). But the reasonableness of an agreement must be determined based on "all of the facts and circumstances of the parties' relationship," not just whether the parties included a recitation as to the reasonableness of the compensation in the agreement.[4] *Brock*, 236 F.3d at 806-07; *see also Leever*, 360 F.3d at 1021.

The case law cited by both parties confirms this Court's conclusion that whether the CBA is "reasonable" is a fact intensive question ill-suited for evaluation on a motion to dismiss. In *Leever*, the Ninth Circuit reversed the district court's order granting summary judgment to the defendant because there was "no evidence in the record" establishing that the parties to the agreement took into account the number of hours required to be spent caring for a service animal. 360 F.3d at 1020. On that basis, the court could not find the agreement reasonable as a matter of law. *Id.* at 1019.

Likewise, the three cases upon which Tinley Park relies were also decided only after the development of a full evidentiary record. In *Rudolph*, the Eighth Circuit affirmed denial of the defendant's motion for judgment as a matter of law, finding it proper for the district court to send to the jury the question whether an agreement was reasonable. 103 F.3d at 681. In *Brock*, the district court found in favor of the defendant only after a bench trial, concluding that the question whether an agreement was

---

[4] By the same token, Diorio's conclusory allegation that the CBA is not a "reasonable agreement" need not be credited at this point in the litigation either. Am. Cmplt. ¶ 15.

6

reasonable is "intensely factual." 236 F.3d at 797. On appeal the Sixth Circuit could only decide the issue upon "review of the facts and circumstances revealed in the record." *Id.* at 807. Even in *Huffman*, where the district court granted summary judgment to the defendant, the court did not consider only the agreement's terms, but also considered "all of the facts and circumstances of the parties' relationship." 2009 WL 3735467 at *5. On this motion to dismiss, the facts regarding Diorio and Tinley Park's relationship are not before the Court, and therefore the Court cannot determine whether the CBA is "reasonable" or whether the CBA takes into account all pertinent facts.

Here, the complaint adequately alleges sufficient facts to make it plausible that the CBA provision compensating canine officers did not adequately take into account "all of the pertinent factors" relating to the care of the animals by the officers. As such, the Agreement cannot be said at this juncture to be "reasonable." Accordingly, the complaint states a valid claim under the FLSA.

\* \* \*

For all of these reasons, the Court denies Defendant Tinley Park's Motion to Dismiss Plaintiff Diorio's First Amended Complaint.

Date: July 6, 2012

Honorable John J. Tharp, Jr.
U.S. District Judge